UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-30-RJC-DSC

| | |
|---|---|
| RASHAD RANZY, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| CRUMLEY ROBERTS, LLC, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the Amended Complaint, (Doc. No. 5). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 4).

## I. BACKGROUND

*Pro se* Plaintiff purports to file suit under 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim upon which relief can be granted and Plaintiff was given the opportunity to amend. (Doc. No. 4). The Amended Complaint is now before the Court for initial review.

Plaintiff names as Defendants the private law firm of Crumley Roberts, LLP, and the president of Crumley Roberts, Cristopher H. Roberts. Plaintiff alleges that the Defendants discriminated against him by declining to offer him representation in a personal injury matter. He claims that this deprived him "of the privilege of a Personal Injury Attorney," which is prohibited by state and federal law. (Doc. No. 5 at 3). He seeks injunctive relief. (Doc. No. 5 at 18).

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a

1

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (a *pro se* complaint must contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face.").

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "Without state action, [a plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

Plaintiff fails to allege that the law firm is a "person" under § 1983 or that either the law firm or its president acted under the color of state law by declining to represent him in a personal injury matter. See, e.g., Fleming v. Asbill, 42 F.3d 886, 890 (4th Cir. 1994) ("Private lawyers do not act "under color of state law" merely by making use of the state's court system.") (quoting Dennis v. Sparks, 449 U.S. 24, 28 (1980)); Cline v. Horry Cnty. Solicitor's Ofc., 2018 WL 3120680 (D.S.C. March 21, 2018) (finding that the defendant law firm was entitled to summary

2

dismissal of plaintiff's claims where plaintiff failed to allege that the law firm was a person or that it was a state actor); Dyer v. Md. State Bd. of Ed., 187 F.Supp.3d 599 (D. Md. 2016) (plaintiff's § 1983 claims against county board's law firm and attorney failed because these defendants are not state officials or even state actors).

Plaintiff has failed to state a plausible claim under § 1983. The Amended Complaint will therefore be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

### IV.  CONCLUSION

For the reasons stated herein, the Amended Complaint will be dismissed in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 5), is **DISMISSED** as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

2. The Clerk is instructed to close this case.

Signed: June 16, 2020

Robert J. Conrad, Jr.
United States District Judge